IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RONNIE ROBINSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 05-0748-CG-C |
| ) | |
| **WARRIOR & GULF NAVIGATION** ) | |
| **COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This matter is before the court on plaintiff's motion to dismiss without prejudice pursuant to FED. R. CIV. P. 41(a)(2) (Docs. 18, 20), the responses thereto of Warrior & Gulf Navigation Company ("WGN") (Docs. 19, 24), plaintiff's reply (Doc. 25), WGN's supplemental response (Doc. 26), and WGN's motion to strike plaintiff's motion to dismiss (Doc. 32). For the reasons stated below, the court finds that WGN's motion to strike and plaintiff's motion to dismiss without prejudice are due to be **DENIED**.

Plaintiff moves to dismiss this lawsuit without prejudice, stating that he intends to re-file "in the federal court in New Orleans, where his treating physician is located, or in an appropriate state court venue..." (Doc. 20, Attachment # 2, p. 2). WGN objects to dismissal without prejudice at this point in the litigation and contends that this is the appropriate venue for this case since it was first filed here and the majority of the witnesses reside within this jurisdiction.

WGN's most recent filing moves to strike plaintiff's motion because the attorney who filed the motion to dismiss has now withdrawn from the case. However, the motion to dismiss, although filed by an attorney, was filed on behalf of plaintiff. It is unclear whether plaintiff

1

intends to proceed pro se or through assistance of other counsel. (See Doc. 31).  However, there is nothing in the record to indicate that plaintiff wishes to withdraw his motion to dismiss. Therefore, WGN's motion to strike is denied.

As to the merits of plaintiff's motion, the Federal Rules of Civil Procedure require an order of the Court to effect a voluntary dismissal of a complaint by a plaintiff when, as here, an adverse party has served an answer or a motion for summary judgment. FED.R.CIV.P. 41.

> [I]in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result. The crucial question to be determined is, would the defendant lose any substantial right by the dismissal. In exercising its broad discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.

Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255-56 (11th Cir. 2001). (internal citations, quotations, and emphasis omitted).  "The decision to grant or deny a Rule 41(a)(2) motion to dismiss an action without prejudice is entrusted to the sound discretion of the district court; thus, a plaintiff holds no right to such dismissal." In re Ford Motor Co., 471 F.3d 1233, 1259 (11th Cir. 2006) (citing Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502, 1503 (11th Cir.1991)).  "What is more, in exercising its discretion, the court must 'keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants.'" Id. (quoting Fisher, 940 F.2d at 1503).

WGN contends that it would be prejudiced if plaintiff was permitted to dismiss and re-file in New Orleans.  Most of the witnesses who are expected to testify in this case reside in or near Mobile, Alabama.  This case concerns the injuries plaintiff suffered on February 7, 2005, when he fell overboard while working aboard a barge on the Mississippi River near Kaskaskia,

Illinois.  WGN reports that persons who witnessed the incident and participated in plaintiff's rescue were employees aboard the ship who live in Mobile, Alabama, or the surrounding area.  After his initial treatment at a hospital in Illinois, plaintiff reportedly returned to Mobile, where he received additional medical treatment from at least three different doctors, Dr. William C. Hicks, Dr. Tim S. Revels, and Dr. William Crotwell at several different facilities.  Several diagnostic tests, including X-rays, a CT scan and an MRI, were performed in Mobile.  Plaintiff also underwent psychological evaluation and counseling here in Mobile.  Plaintiff did not begin receiving medical treatment in New Orleans until December 2005.

Plaintiff filed his motion for voluntary dismissal on October 13, 2006.  This case is set for pretrial on February 12, 2007, and for trial in March 2007.  Discovery closed on October 2, 2006, and plaintiff's expert testimony was to be disclosed on or before September 1, 2006. (Doc. 10).  Plaintiff has failed to name any experts or expert testimony within the time allowed and there have been no motions for extension or continuance.  The parties report that interrogatories and requests for production have been propounded and that numerous subpoenas for medical records and other relevant documents have been served on third parties, but that no depositions have been taken.  According to WGN, counsel had agreed amongst themselves to extend the discovery deadline for the limited purpose of deposing plaintiff and his current physician. (Doc. 24, p. 10).  Apparently the parties believed it would be better to delay deposing plaintiff and his treating physician until plaintiff achieves maximum recovery.   Plaintiff later hired new counsel, attorney Les. A. Martin, who was reportedly unaware of the parties' agreement and has had difficulty getting information from plaintiff's former counsel.  Mr. Martin has now withdrawn from the case at plaintiff's request. (Docs. 30, 31).   WGN insists that the case should continue in

this court and formally "withdraws its request to depose Robinson or his attending physician by agreement." (Doc. 26, p.1).  According to WGN, the prejudice it will suffer if the case is dismissed far outweighs any benefit to it of being able to depose plaintiff or his physician.

The court finds that WGN would suffer clear legal prejudice if plaintiff were allowed to dismiss and re-file in New Orleans.  WGN may lose the availability of its witnesses to testify if trial were to take place in New Orleans.  Moreover, plaintiff's motion is untimely.  It would be inequitable to allow plaintiff to start over, conduct additional discovery, and identify experts to testify at trial.   While conditions could be imposed that would alleviate some of the prejudice to WGN, the court finds the remaining prejudice to be too great.[1]

## CONCLUSION

For the reasons stated above, the motion of Warrior & Gulf Navigation Company to strike (Doc. 32) is **DENIED,** and  plaintiff's motion to dismiss without prejudice (Docs. 18, 20) is **DENIED**.

**DONE and ORDERED** this 30th day of January, 2007.

　　　　　　　　　　　　　　　　/s/   Callie V. S. Granade
　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE

---

[1] For instance, the court could require that plaintiff, upon refiling, pay  the fees and costs incurred by WGN in defending this case.  The court could also restrict the venue of any refiling to protect WGN from the unfairness of having to litigate the issue of the more convenient forum for this dispute. See Versa Products, Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1328 -1329 (11th Cir. 2006) (finding venue restriction appropriate).  However, plaintiff states that his purpose for dismissing the case is to re-file in New Orleans, a venue which for WGN is inconvenient.